Agustin **GONZALEZ–GUTIERREZ,** Petitioner,

v.

Alberto R. **GONZALES, Attorney General,** Respondent.

No. 04–71797.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

David N. Horwitz, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Agustin Gonzalez–Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review, and remand for further proceedings.

** This disposition is not appropriate for publication and may not be cited to or by the

An intervening change in the law requires us to remand the case. It is not possible to determine from the record if Gonzalez–Gutierrez's departure in 1994 was a border turnaround or an uninformed voluntary departure, as opposed to a knowing acceptance of administrative voluntary departure. In *Tapia v. Gonzales*, 430 F.3d 997, 998 (9th Cir.2005), we "conclude[d] that being turned away at the border by immigration officials does not have the same effect as an administrative voluntary departure and does not itself interrupt the accrual of an alien's continuous physical presence." Similarly, in *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir.2006), we held that voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the deportation. Accordingly, we grant the petition for review and remand for further fact-finding consistent with *Tapia* and *Ibarra–Flores*.

In light of this disposition, we need not reach petitioner's other contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.